## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### Division of Greenwood

| | |
|---|---|
| SANDRA MINYARD ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:16-cv-02626-MGL |
| vs. ) | |
| ) | **COMPLAINT** |
| CVI LOAN GT TRUST I, ) | |
| LVNV FUNDING LLC, and ) | |
| SCOTT & ASSOCIATES, P.C. ) | |
| ) | |
| Defendants. ) | |

### INTRODUCTION

1. This is an action brought by Plaintiff Sandra Minyard against Scott & Associates, P.C., LVNV Funding LLC, and CVI Loan GT Trust I for violations of the Fair Debt Collections Practices Act, 15 U.S.C 1692 et. seq., and the South Carolina Unfair Trade Practices Act, §39-5-20.

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for the state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action..

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4. Plaintiff Sandra Minyard is a natural person who resides in the County of Greenwood, State of South Carolina, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of the FDCPA with standing to assert this claim under 15 U.S.C. § 1692k(a).

5. Defendant Scott & Associates P.C. (hereinafter "Scott & Associates"), is a law firm and a collection agency in the regular business of collecting debts, with a principal place of 1120 Metrocrest Drive, Suite 100, Carrollton, TX. Scott & Associates is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendants CVI Loan GT Trust I (referred to as "CVI") is trust with an address of US Bank Trust National Association, 300 Delaware Ave., 9th Floor, Wilmington, DE 19801.

7. Defendant LVNV Funding LLC (referred to as "LVNV") is a Delaware company with a registered agent of 1703 Laurel Street, Columbia SC 29223 and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

8. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing for a personal loan. The account constitutes a "debt" as that term is defined by 15 U.S.C. §1692a(5).

9. The account defaulted in 2011 and the last payment was made in 2011.

10. Sometime thereafter, the debt was assigned, transferred, or sold to Defendant LVNV Funding, LLC.

11. Defendants LVNV and Scott & Associates use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12. On July 6, 2015, the Defendants filed a lawsuit against Plaintiff and served the Plaintiff on July 23, 2015 with that lawsuit.

13. Defendants filed the collection action with knowledge that the agreement did not authorize collection of the alleged debt based on plaintiff's date of default and applicable South Carolina statute of limitations.

14. Plaintiff hired counsel and incurred expenses to defend the lawsuit.

15. The Plaintiff filed a motion to dismiss because the case had been filed past the applicable statute of limitations.

16. Defendants appeared at the hearing through counsel and argued that the debt was not past the statute of limitations.

17. On or about February 8, 2016, the South Carolina Court of Common Pleas found that the Defendants had filed the case past the applicable statute of limitations and dismissed the Defendants' action against Plaintiff.

### COUNT I.
### Violations of the Fair Debt Collection Practices Act , 15 U.S.C. §§ 1692 et seq.
### (Defendants LVNV and Scott & Associates)

18. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

19. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p, including but not limited to:

    a. Giving a false or misleading representation of the status of the alleged debt which was stale and uncollectible via legal process having been filed beyond the statute of limitations. §1692(e), and §1692(e)(2).

    b. Threatening to take legal action and to obtain judgment on a time-barred debt. §1692(e)5.

    c. Acting in an unfair and unconscionable manner to collect the alleged debt. §1692(f).

    d. Failing to conduct a meaningful review of the case prior to filing the action in court. §1692(e).

20. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.
### South Carolina Unfair Trade Practices, S.C. Code § 39-5-20
### (Defendant CVI)

21. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

22. Defendant CVI's acts and omissions constitute unfair or deceptive acts and practices in the conduct of trade or commerce.

23. Defendant's caused Plaintiff to suffer actual damages as a proximate cause of Defendant's conduct and practices.

24. Plaintiff suffered actual damages due to: defending a case which was barred by the statute of limitations, investigating the false statements made by Defendants, time spent on this matter, suffering emotional distress, and incurring attorney fees, amongst others.

25. Defendants knew or should have known that its conduct was unlawful and a violation of S.C. 39-5-120, in addition to the above described violations of state and federal law.

26. Defendants are liable under 39-5-140 for actual damages, treble damages, attorney fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A),

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II.

### Violation of Unfair Trade Practice, S.C. Code § 39-5-20

- For an award of actual damages pursuant to §39-5-140(a),

- For an ward of treble damages pursuant to §39-5-140(a),

- For an award of the costs of litigation and reasonable attorney fees pursuant to §39-5-140(a).

Respectfully submitted,

Dated: July 22, 2016                **ELLSWORTH LAW FIRM**

*s/ Brian J. Ellsworth*_____
Brian J. Ellsworth (#11839)
109 West Court Ave.
Greenwood, SC 29646
Phone: (864)757-4938
Fax: 864-330-2954
brian@bjellsworth.com
**Attorney for Plaintiff**